ment was that the commission was not payable unless the tenant fully performed under the lease. This is not what the parties contracted, and the contention raises no issue as to plaintiff's right to receive this installment. It appears that in May, 1972 the tenant paid defendant $800,000 and defendant accepted surrender of the lease. Plaintiff claims that this sum is the equivalent of the rent for the years 1973 and 1974 and, it having been paid, the commission is now due. Even conceding that the payment is in the same category as damages, this would not follow. The lease ran till the year 2003. In addition, the tenant was obligated to erect a building on the site. If the sum paid be regarded as a settlement of the damages which would otherwise be payable for breach of the lease, it not only embraces the next year's but the entire term of the lease, including the obligation to erect a building. Summary judgment was correctly denied on this cause of action. Settle order on notice. Concur — Nunez, J. P., Murphy, Lane, Steuer and Capozzoli, JJ.

■ HANNAH C. BOORSTIN, as Executrix and Trustee, Individually, and as a Shareholder of UTILITIES & INDUSTRIES CORP., et al., Respondents, and RICHARD L. ROSENTHAL et al., Appellants, v. UTILITIES & INDUSTRIES CORPORATION (DELAWARE) et al., Respondents, and RICHARD L. ROSENTHAL, Appellant.— Order, Supreme Court, New York County, entered on February 7, 1973, which granted a motion to reopen a reference, unanimously reversed, on the law and the facts and in the exercise of discretion, the motion denied, and the order of reference is vacated as moot. Plaintiffs-appellants shall recover one bill of $40 costs and disbursements of defendants-respondents, the Carter Group Inc., CGI Corp., DVC Corp. and ALC Corp. of these appeals. This is the third reference ordered to ascertain the fairness of a proposed settlement of a pending derivative action. The settlement offer was withdrawn and the reference thereby became moot. In making this disposition we observe that both the second and third references heretofore directed in this action were not justified by the facts. Concur — Stevens, P. J., Markewich, Murphy, Lane and Tilzer, JJ.

■ HANNAH C. BOORSTIN, as Executrix and Trustee, Individually, and as a Shareholder of UTILITIES & INDUSTRIES CORP., et al., Respondents, and RICHARD L. ROSENTHAL et al., Appellants, v. UTILITIES & INDUSTRIES CORPORATION (DELAWARE) et al., Respondents, and RICHARD L. ROSENTHAL, Appellant.— Motion to dismiss appeals dismissed as moot in view of the determination of this court on appeal decided simultaneously herewith [41 A D 2d 927]. Concur — Stevens, P. J., Markewich, Murphy, Lane and Tilzer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK V. JAMES MCALLISTER.— Motion to dismiss appeal granted on the ground that the appeal was improper, and the proper procedure for review under article 78 CPLR has already taken place (Judiciary Law, § 755). Concur — Stevens, P. J., McGivern, Markewich, Nunez and Kupferman, JJ.

■ In the Matter of STANLEY KLIGFELD et al., For Approval of the Existence and Incorporation of a Proposed Corporation Not Yet Duly Organized (Foundation for Securities Law, Inc.) — Application by three members of the Bar for approval of the practice of law by a proposed corporation to be known as Foundation for Securities Law, Inc., pursuant to the provisions of part 608 of the rules of this court (22 NYCRR Part 68) and section 495 of the Judiciary Law is denied. The professed purpose of the proposed corporation is " to provide legal representation and public education to aid purchasers and owners of securities with problems related to the offer and sale of securities." No showing has been made that such persons are presently unable to obtain legal assistance, nor has any other need been shown which would justify the granting of the approval requested. Concur — Stevens, P. J., Markewich, Nunez, Kupferman and Murphy, JJ.